IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

WILLIAM C COLEMAN
258370
PLAINTIFF

CASE NO.
2:22-CV-157-WHA-CSC

V

JEFFERSON DUNN ET AL

DEFENDANTS

MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT

PLAINTIFF, WILLIAM C. COLEMAN, PURSUANT TO RULES 15(a) AND 19(a) FED.R.Cv.P., REQUESTS LEAVE TO FILE AN AMENDED COMPLAINT, INCREASING THE AMOUNT OF DAMAGES REQUESTED FOR INJURY SUSTAINED WHICH RESULTED IN UNRECOVERABLE VISION LOSS, PER BELOW:

FROM $200,000 PUNITIVE TO $500,000 PUNITIVE AND
FROM $200,000 COMPENSATORY TO $500,000 COMPENSATORY

COLEMAN ASSERTS THAT THE GROUNDS OF HIS ORIGINAL COMPLAINT HAVE NOT CHANGED, BUT AFTER MUCH REFLECTION AND CONSIDERATION OF THE CALLOUS AND UNCARING LACK OF ACTION BY DR TAHIR SIDDIQ, WHICH RESULTED IN INJURY TO COLEMAN IN THE FORM OF UNRECOVERABLE LOSS OF CENTRAL VISION AND DIMINISHED VISUAL ACUITY, COLEMAN RESPECTFULLY REQUESTS THAT THE DAMAGE AMOUNTS BE INCREASED FROM $200,000 PUNITIVE TO $500,000 PUNITIVE AND FROM $200,000 COMPENSATORY TO $500,000 COMPENSATORY BASED ON THE FOLLOWING:

The damages requested in the original complaint, $200,000 punitive and $200,000 compensatory were based on Coleman's lack of understanding, at that time, of the reason for his being denied appointments for eye injection treatments. Coleman originally thought the denial of appointments for the treatments was the result of lack of communication and coordination within the medical staff. However, after reviewing all the data gleaned from discovery materials, Coleman ascertained that, while medical staff members were involved, the denial of appointments for eye injections was due to the deliberately indifferent lack of action exhibited by Dr. Tahir Siddiq. Dr Siddiq did not follow the instructions on the reports from the opthalmologist at Eye Center South to assure when follow-up appointments were ordered and to which opthalmologist the appointments should be scheduled. Thus, appointments were not made per the opthalmologist's orders. Such callous behavior should not be acceptable, either on the part of Dr Siddiq or on the part of the medical staff in their indifference toward Coleman's problem.

Coleman asserts that the increase in damage amounts to $500,000 punitive and $500,000 compensatory is to stress to the Alabama Department of Corrections that such a callous and uncaring attitude toward medical care to inmates with serious medical conditions should not be condoned.

P 2 of 3

Coleman avers that while no amount of monetary compensation can reverse the loss of central vision resulting from the lack of action by the medical staff at Bullock Correctional Facility, a substantial damage award should be awarded to bring about emphasis on the importance of paying proper attention to the medical needs of prisoners with serious medical conditions.

Coleman urgently pleads that this court will honor his request of damages of $500,000 punitive and $500,000 compensatory to "send a message" that proper attention should be paid to inmates with serious medical conditions.

Respectfully

/s/ William C. Coleman

WILLIAM C. COLEMAN
258370  I2-57A
Bullock Corr. Facility
PO Box 5107
Union Springs, AL 36089

CERTIFICATE OF SERVICE

I William C Coleman certify that I placed this document in the prison legal mail for mailing, first class postage applied on this the 17th day of January, 2023, and served a copy on the below listed by same.

Phillip G. Piggot
Two Perimeter Park South
Suite 445E
Birmingham, AL 35243

/s/ William C. Coleman
WILLIAM C. COLEMAN

P 3 OF 3

William C. Coleman
258370 I2-I7A
Bullock Corr Facility
PO Box 5107
Union Springs, AL 36089



US District Court
Middle District of Alabama
One Church St STE B-110
Montgomery, AL 36104-4018



LEGAL